UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELE WILLIS, HENRY HARDY, CHARLES MEREDITH, VLADYSLAV VITSKE, and NATHAN CORNWELL, Individually and on Behalf of All others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTJET AIRLINES, LTD.,<br><br>Defendant. | Case No.: 25cv2785-LL-MSB<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL**<br><br>[ECF No. 7] |
| IRENE YEE, Individually and on Behalf of All others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTJET AIRLINES, LTD.,<br><br>Defendant. | Case No.: 25cv2982-LL-MSB |

/ / /
/ / /
/ / /
/ / /

1

Pending before the Court is Plaintiffs' Motion to Consolidate the following related putative class action lawsuits pursuant to Rule 42(a) of the Federal Rules of Civil Procedure: *Willis et al. v. WestJet Airlines, Ltd.*, No. 25cv2785-LL-MSB and *Yee v. WestJet Airlines Ltd.*, No. 25cv2982-LL-MSB (the "Related Actions"). ECF No. 7. Plaintiffs also seek appointment of interim class counsel. *Id.* Plaintiffs state that Defendant does not oppose consolidation of the cases or the appointment of interim class counsel. *Id.* at 10.

Federal Rule of Civil Procedure 42 states that a court may consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989) (citation omitted). A court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (citation omitted).

Federal Rule of Civil Procedure 23 permits a court to designate interim counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In appointing class counsel, a court must consider (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" (4) "the resources that counsel will commit to representing the class;" and (5) "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1).

Having considered the Motion, the Court finds that the Related Actions involve a "common question of law or fact." Fed. R. Civ. P. 42(a). Pending before this Court are two putative class actions brought by consumers who allege that Defendant WestJet Airlines, Ltd. negligently failed to secure their private information in compliance with its representations, industry standards, and common law and statutory duties. As a

consequence, Plaintiffs allege they overpaid for WestJet's services and that WestJet's actions caused injuries including, but not limited to, increased risk of identity theft and fraud, increased anxiety, loss of time, loss of benefit of the bargain, and diminution in the value of their personally identifiable information ("PII"). The cases seek compensatory damages on behalf of WestJet consumers whose data was compromised. The Related Actions also seek declaratory and injunctive relief. The similarities between the two cases and their similar procedural posture weigh toward granting consolidation. *See Zhu*, 682 F. Supp. 2d at 1052. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Consolidate.

The Related Actions are thus hereby consolidated for all pretrial and trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The Court further **ORDERS** as follows:

1. The docket in Case No. 25cv2785-LL-MSB shall constitute the Master Docket for this consolidated action. The Clerk shall administratively close the docket in *Yee v. WestJet Airlines Ltd.*, No. 25cv2982-LL-MSB.

2. Every document filed in the consolidated action shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| IN RE WESTJET AIRLINES DATA BREACH LITIGATION _____ This Document Relates To: | Case No. 3:25-cv-02785-LL-MSB CLASS ACTION |
|---|---|

3. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:." When a

document applies only to some, not all, of the actions, the document shall list the docket number for each individual action to which the document applies, along with the last name of the plaintiff in said action.

4. The parties shall file a Notice of Related Case pursuant to Southern District of California Civil Local Rule 40.1(f) whenever a related case is filed in, transferred to, or removed to this district. If the Court determines that the case is related and a low number order is issued, the Court shall enter this Order on the docket of the related case and the clerk shall note the related case in the Master Docket. Any case deemed related shall be consolidated into this action unless a party objects to consolidation within **seven days** of the issuance of the low number order.

5. Defendant WestJet Airlines, Ltd. shall not be required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint.

6. Plaintiffs **SHALL FILE** a consolidated complaint on or before **January 5, 2026**. The consolidated complaint shall be the operative complaint in the consolidated action and shall supersede all complaints filed in any action consolidated herein.

7. WestJet's response to the consolidated complaint shall be due **30 days after the filing of the consolidated complaint**. If WestJet responds by filing a motion to dismiss, Plaintiffs' opposition shall be due **within 30 days following the filing of the motion**, and WestJet's reply in support of the motion shall be due **within 14 days following the filing of Plaintiffs' opposition**.

8. The Court has reviewed the Motion and exhibits detailing the qualifications of the proposed interim counsel and Plaintiffs' Executive Committee and finds they are experienced and knowledgeable in complex litigation and data breach claims, and have sufficient resources to represent the class. *See* Fed. R. Civ. P. 23(1)(A). Without prejudicing the propriety of class certification, pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court hereby appoints Amber L. Schubert of Schubert Jonckheer & Kolbe LLP as Interim Class Counsel; Jennifer M. French of Lynch Carpenter, LLP as Interim

Liaison Counsel and a member of Plaintiffs' Executive Committee; and Mark Reich of Levi & Korsinsky LLP, Scott Edelsberg of Edelsberg Law, and Scott Falgoust of Bryson Harris Suciu & DeMay PLLC as members of Plaintiffs' Executive Committee, to act on behalf of Plaintiffs and the putative Class.

9. Interim Class Counsel shall be responsible for the overall conduct of the litigation on behalf of Plaintiffs in this consolidated action. In particular, Interim Class Counsel shall have the sole and exclusive responsibility to:

    a. Investigate the claims, including interviews of witnesses, collection of evidence, and retention of consultants, investigators, and experts;

    b. Sign any pleadings, motions, briefs, discovery requests or objections, subpoenas, or notices on behalf of Plaintiffs;

    c. Prepare and file a consolidated complaint, including formulating pleading strategies;

    d. Conduct and coordinate discovery on behalf of Plaintiffs and the Class, including any related motion practice;

    e. Brief and argue the motion to dismiss;

    f. Brief and argue the motion for class certification;

    g. Negotiate with defense and other counsel with respect to potential settlement and other matters after adequate due diligence;

    h. Enter into stipulations necessary for the conduct of the litigation with opposing counsel;

    i. Consult, as necessary in the best interests of the putative classes, with any additional counsel for Plaintiffs appearing in the consolidated action to obtain their input concerning strategy and to be the primary spokespersons for the putative classes;

    j. Assign, delegate, and supervise work assignments to members of Plaintiffs' Executive Committee;

   k. Act as Interim Class Counsel in any appeal prior to the appointment of Class Counsel;

   l. Allocate and apportion any Court awarded attorneys' fees, costs, and expenses;

   m. Collect regular time and expense reports from any other Plaintiffs' firms appearing in the consolidated action, including members of Plaintiffs' Executive Committee, tasked with work assignments; and

   n. Advance and protect the interests of the putative Class in all respects and to honor all its responsibilities, including making sure that all representations and commitments made on their behalf are honored.

10. Interim Liaison Counsel shall have the authority to perform the following tasks on behalf of Plaintiffs in the consolidated action:

   a. Maintain and distribute to co-counsel an up-to-date service list;

   b. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

   c. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document file depository;

   d. Establish and maintain a document file depository; and

   e. Perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by Interim Class Counsel.

11. Plaintiffs' Executive Committee members shall perform duties and functions as directed by Interim Class Counsel, or as may be expressly directed by Order of the Court.

12. Members of Plaintiffs' Executive Committee and any other plaintiffs' counsel who are or may become involved in the Consolidated Action may not undertake any work (including filings, discovery, or other litigation activities) or take any action on behalf of the putative Class in this Consolidated Action without advance authorization from Interim Class Counsel, except for an application to modify or be relieved from this order. Interim

Class Counsel, Interim Liaison Counsel, and Plaintiffs' Executive Committee members shall take all reasonable steps to avoid duplicative work and ensure that work is performed efficiently.

13. The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity.

14. No pleadings or other papers shall be filed or tasks performed by Plaintiffs' counsel in the consolidated action without the advance approval of Interim Class Counsel. No discovery shall be conducted by Plaintiffs without the advance approval of Interim Class Counsel. This is intended to prevent duplication of pleadings, discovery, or tasks by Plaintiffs' counsel.

15. All Plaintiffs' counsel, including members of the Plaintiffs' Executive Committee, shall maintain contemporaneous and detailed time and expense records. Interim Class Counsel shall collect these records on a regular basis and review them to ensure only authorized, reasonable, and non-duplicative work is submitted for potential reimbursement.

16. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the consolidated action.

**IT IS SO ORDERED**.
Dated: December 2, 2025

_____
Honorable Linda Lopez
United States District Judge